# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **ROBERT COX, AS ADMINISTRATOR OF THE ESTATE OF GRETA COX, DECEASED,** *et al.*, | : : Case No. 1:22-cv-00026 : : : (Judge Douglas R. Cole) |
| **Plaintiffs,** | : |
| -v- | : : |
| **TOTAL QUALITY LOGISTICS, INC.,** *et al.*, | : : : |
| **Defendants.** | : |

### DEFENDANT TOTAL QUALITY LOGISTICS, LLC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant submits this Response to Plaintiffs' Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss.

Plaintiffs' Supplemental Memorandum omits the actual reasons cited in the United States' amicus brief as to why certiorari review was not warranted at this time for the Ninth Circuit Court of Appeals' decision in *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1021 (9th Cir. 2020). In particular, the United States explained in its amicus brief that review was not warranted because:

- This is "the first court of appeals decision to have considered" this preemption issue, and it is "unlikely that the question will not arise in other courts of appeals." (Dkt. 11 at PageID 301–02);

- Several district courts "within the Third, Fifth, Sixth, Seventh, and Tenth Circuits have held that similar common-law claims were preempted" and parties "in similar suits in the future" will have incentive to appeal in light of the Ninth Circuit's decision in *Miller*—thereby "allow[ing] those courts of appeals to consider the question." (*Id.*);

- The Supreme Court should follow and not depart from its "traditional practice of waiting for a conflict of appellate authority to arise before granting certiorari." (*Id*. at PageID 302);

- Although future plaintiffs will predictably cite *Miller* "as if it is the law of the land[,]" that is merely "an unremarkable feature of litigation following the first appellate decision on a legal issue, and it simply confirms the likelihood that other courts of appeals will address the issue." (*Id*.);

- "If a conflict of appellate authority ultimately results, this Court may then reconsider whether certiorari is warranted with the benefit of the analyses of those courts of appeals." (*Id*.);

- The Ninth Circuit's decision "does not preclude the possibility of federal preemption of state law regarding motor-vehicle safety in certain contexts. The decision below merely determined that Congress did not expressly preempt all such state "safety regulatory authority" in Section 14501(c) of the FAAAA as applied to brokers. The decision does not address whether, and to what extent, freight brokers may properly be held liable under state law for the negligent selection of unsafe motor carriers. And significantly, the court of appeals did not resolve whether a State's exercise of that authority—through common law or otherwise—would be impliedly preempted on the ground that the state-law duties conflict with federal regulation of motor carriers or freight brokers . . . . Those unresolved issues underscore that the express-preemption question presented in this case is not a question warranting this Court's review at this time." (*Id*. at PageID 304–05 (case citations omitted)).

By omitting all the above stated reasons by the United States as to why certiorari review is not warranted at this time and, instead, simply stating that the United States expressed its view that *Miller* "was correct" and recommended denial of certiorari, and that the "Supreme Court followed th[at] recommendation," Plaintiffs seem to suggest or imply that the Supreme Court denied certiorari simply because the Court agreed with the United States on the merits of *Miller*. That is not correct. By denying certiorari review, the Supreme Court simply adhered to its "traditional practice" of waiting for a conflict of appellate authority to arise before granting certiorari, allowing other courts of appeals to address the issue and provide their own analysis.

1

2

Dated: July 14, 2022.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Gregory M. Utter*
　　　　　　　　　　　　　　　　　　Gregory M. Utter (0032528)
　　　　　　　　　　　　　　　　　　Collin L. Ryan (0095810)
　　　　　　　　　　　　　　　　　　KEATING MUETHING & KLEKAMP PLL
　　　　　　　　　　　　　　　　　　One East Fourth Street, Suite 1400
　　　　　　　　　　　　　　　　　　Cincinnati, Ohio 45202
　　　　　　　　　　　　　　　　　　Phone: (513) 579-6400
　　　　　　　　　　　　　　　　　　Fax: (513) 579-6457
　　　　　　　　　　　　　　　　　　gmutter@kmklaw.com
　　　　　　　　　　　　　　　　　　cryan@kmklaw.com

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant, Total Quality Logistics, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.2(b), I hereby certify that a copy of the foregoing was electronically filed using the Court's CM/ECF system on July 14, 2022. Parties will be served through the Court's CM/ECF system.

                                                */s/ Gregory M. Utter*
                                                Gregory M. Utter (0032528)